UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE DAVIS, | ) | Case No. 1:15CV1048 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| JASON BUNTING, WARDEN, | ) | |
| | ) | <u>AMENDED REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u> |
| Respondent. | ) | |
| | ) | |

On May 13, 2015, Willie Davis ("Petitioner"), pro se, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from his guilty plea which resulted in conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for two counts of rape and one count of kidnapping with a sexual motivation specification. *Id*. On November 20, 2015, Respondent, Jason Bunting ("Respondent"), Warden of the Marion Correctional Institution in Ohio, where Petitioner is housed, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition as time-barred. ECF Dkt. #5. On December 14, 2015, Petitioner filed a brief in opposition to Respondent's motion to dismiss. ECF Dkt. #6.

For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss the instant petition as untimely (ECF Dkt. #5) and DISMISS the petition, in its entirety, with prejudice:

**I.      PROCEDURAL BACKGROUND**

    **A.      State Trial Court**

In its May 2008 term, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with: two counts of rape of a person under 13 years old in violation of Ohio Revised Code ("ORC") § 2907.02(A)(1)(b) with sexually violent predatory specifications; three counts of gross sexual imposition of a person under 13 years old in violation of ORC § 2907.05(A)(4) with sexually violent predator specifications; three counts of kidnapping of a person under the age of 13 in violation of ORC § 2905.01(A)(4) with sexual motivation specifications and sexually violent

predator specifications; two counts of disseminating obscene matter to juveniles in violation of ORC § 2907.31(A)(3); and three counts of endangering children in violation of ORC § 2919.22(A).  ECF Dkt. #5-1 at 5-17.

On March 16, 2009, the Cuyahoga County Court of Common Pleas issued a Journal Entry accepting Petitioner's guilty pleas to two counts of rape with the sexually violent predator specifications deleted and one count of kidnapping with the same specification deleted. ECF Dkt. #5-1 at 18.  The court approved the prosecutor's request to dismiss all of the other counts and specifications.  *Id*.  The trial court thereafter sentenced Petitioner to a total of twenty-five years of imprisonment, ten years for each count of rape and five years on the kidnapping conviction, with each term to run consecutively with the others.  *Id*.

### B.    **Motion to Withdraw Guilty Plea**

On April 9, 2009, Petitioner pro se filed a motion to withdraw his guilty plea in the trial court. ECF Dkt. #5-1 at 20.  He asserted that he never engaged in sexual contact with the victim, he had ineffective assistance of counsel who did not advise him correctly, there was unknown DNA and the victim's DNA on the bedsheets, none of his witnesses were able to give statements, he was pressured into accepting a plea ,and he never found out the results of the victim's medical examination.  *Id*. at 21.  The State filed a brief in opposition to Petitioner's motion.  *Id.* at 23.

On October 15, 2009, the trial court denied Petitioner's motion to withdraw his guilty plea. ECF Dkt. #5-1 at 29.

### C.    **Delayed Direct Appeal**

On August 31, 2009, while his motion to withdraw his guilty plea was pending, Petitioner filed a motion for leave to file a delayed appeal and a pro se notice of appeal of the trial court's March 16, 2009 Journal Entry of conviction and sentence.  ECF Dkt. #5-1 at 30-33.  The Ohio appellate court granted Petitioner's motion on October 5, 2009.  ECF Dkt. #5-1 at 38.

On December 1, 2009, Petitioner's counsel filed a motion to withdraw as counsel and attached a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) indicating that his careful review of the trial court record failed to disclose any prejudicial errors by the trial court to the rights of Petitioner, he identified one potential error the court should review the record for error, and he

served a copy of the motion to withdraw as counsel on Petitioner. ECF Dkt. #5-1 at 40-42. As a potential error, Petitioner's counsel indicated that the trial court sufficiently explained Petitioner's constitutional and plea rights, but Petitioner did raise an issue in his motion to withdraw his guilty plea that may deserve inquiry as he indicated that he relied upon certain information in pleading guilty, such as whether he was given proper discovery concerning DNA test results. *Id*. at 41.

On December 2, 2009, the Ohio appellate court granted the motion by Petitioner's counsel to withdraw as counsel and ordered Petitioner to file a pro se brief if he desired, in compliance with all local and appellate rules by January 8, 2010. ECF Dkt. #5-1 at 43.

On May 24, 2010, Petitioner pro se filed a supplemental pro se brief. ECF Dkt. #5-1 at 44. In this brief, Petitioner asserted the following assignments of error:

1. Appellant's constitutional rights were violated due to the ineffective assistance of counsel. As such, he was denied his-Sixth Amendment right to the effective assistance of counsel which resulted in the denial of a fair trial, violative to the Fourteenth Amendment to the U.S. Constitution, and Article I, Section 10 and 16 of the Ohio Constitution.

2. The Court erred in accepting a plea of guilty, as the Defendant was not competent to enter such a plea.

*Id.* at 46. The State filed an appellate brief. ECF Dkt. #5-1 at 55-63.

On September 23, 2010, the Ohio appellate court affirmed the trial court's judgment. ECF Dkt. #5-1 at 64-69.

On October 14, 2010, Petitioner pro se filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #5-1 at 70. In his memorandum in support of jurisdiction, Petitioner alleged the following propositions of law:

1. Appellant's Constitutional rights were violated due to the ineffective assistance of counsel, as such, he was denied his 6th Amendment Right to the effective assistance of counsel which resulted in the denial of a fair trial, violative to the 14th Amendment to the U.S. Constitution, Article I, Section 10 and 16 of the Ohio Constitution.

2. The trail[sic] Court erred in accepting a plea of guilty and the Defendant was not competent to enter such a plea.

*Id*. at 72-82. The State waived filing a memorandum in response. *Id*. at 90.

On February 2, 2011, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. ECF Dkt. #5-1 at 91.

### D.     **Motion to Invalidate Plea Agreement as Unconstitutional**

On March 11, 2011, Petitioner, pro se, filed a motion in the trial court to invalidate his plea agreement as unconstitutional.  ECF Dkt. #5-1 at 92.  Petitioner complained that neither the plea colloquy with the trial court nor his plea agreement informed him of the numerous rights that he was waiving as a result of pleading guilty and he listed specific rights not mentioned, including rights to know the elements of the offenses and alleged rights concerning res judicata and waiver.  *Id.* at 93-94.  The State of Ohio filed a brief in opposition to this motion.  *Id.* at 98-104.

On May 23, 2011, the trial court denied Petitioner's motions, finding that the court lacked jurisdiction over Petitioner's motion to invalidate his plea agreement because Petitioner's direct appeal was denied.  *Id.* at 110.  The trial court further ruled that Petitioner's motion was barred by res judicata and no manifest injustice or extraordinary circumstances existed to allow withdrawal of the guilty plea.  *Id.*

### E.     **Motion for Relief after Judgment Pursuant to ORC § 5145.01**

Petitioner also filed a Petition for Relief after Judgment Pursuant to O.R.C. § 5145.01 in the trial court, asserting that the duration of his sentence should have been run concurrently and not consecutively.  ECF Dkt. #5-1 at 96.  The State of Ohio filed a brief in opposition to the motion.  *Id.* at 105-109.

On May 23, 2011, the trial court denied Petitioner's motion for relief after judgment, finding that it lacked jurisdiction to grant Petitioner relief because the original sentence was valid and final.  ECF Dkt. #5-1 at 111.

### F.     **Motion for Correction of Sentence Pursuant to ORC § 2941.25(A)**

On August 30, 2013, Petitioner pro se filed a motion for correction of his sentence pursuant to ORC § 2941.25(a) and Rule 52(B) of the Ohio Rules of Criminal Procedure.  ECF Dkt. #5-1 at 112.  Petitioner asserted that he was sentenced multiple times for the same criminal offense in violation of his federal and state constitutional rights.  *Id.* at 112-119.  The State of Ohio filed a response to Petitioner's motion.  *Id.* at 123-127.

On October 29, 2013, the trial court denied Petitioner's motion for correction of sentence, finding that his arguments were barred by res judicata as Petitioner filed a direct appeal and also

appealed to the Ohio Supreme Court. ECF Dkt. #5-1 at 128. The trial court also found that no allied offense argument existed because each count in Petitioner's conviction related to separate victims. *Id*.

On November 20, 2013, Petitioner pro se filed a notice of appeal of the trial court's determination. ECF Dkt. #5-1 at 129.

On January 13, 2014, the Ohio appellate court sua sponte dismissed Petitioner's appeal because he failed to file the record as required by Rules 3(A) and 10(A) of the Ohio Rules of Appellate Procedure and Local Rule 10 of the Appellate Procedure for the Eighth District Court of Appeals of Ohio. ECF Dkt. #5-1 at 132.

On January 30, 2014, the Ohio appellate court construed a subsequent filing by Petitioner as a motion for reconsideration of its sua sponte dismissal and granted his motion and dismissed its sua sponte order of dismissal. ECF Dkt. #5-1 at 136. The Ohio appellate court ordered the transcript of the plea and sentencing to be prepared and make it part of the record. *Id*. The court also ordered Petitioner to file an appellate brief within twenty days of the date of its order. *Id*.

On March 13, 2014, Petitioner pro se filed his appellate brief asserting the following assignments of error:

> 1. the trial court committed plain error Crim. R. 52(B) when the court failed to conduct a hearing prior to sentencing the defendant to determine whether count 1, 5 and 9 are allied offenses R.C. 2941.25(a) that rendered the defendant [sic] sentence void violation of R.C. 2941.25 and united states constitutional rights amendments. 5, 6, and 14.
>
> 2. the trial court judgment entry of OCT 29th 2013 is not a final appealable order for the purpose of R.C. 2505.02 that would give the appellate court subject matter jurisdiction over the appeal

ECF Dkt. #5-1 at 138-154. The State filed an appellate brief. *Id*. at 155-161.

On August 21, 2014, the Ohio appellate court affirmed the trial court's decision denying Petitioner's motion to correct his sentence. ECF Dkt. #5-1 at 164-167.

On September 25, 2014, Petitioner pro se filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #5-1 at 169. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

> 1. the trial court commited[sic] plain error Crim.R. 52(B) when the court failed to conduct a hearing prior to sentencing the defendant to determine whether count, 1, 5, and 9 are allied offenses R.C. 2941.25 and violation of the defendant united states constitutional rights amendments, 5, 6, and 14.
>
> 2. the trial court judgment entry of OCT.29 2013 is not a final appealable order for the purpose of R.C. 2502.02 that would give the appellate court subject matter jurisdiction over the defendant appeal violation united states constitution amendment 5, 6, and 14.

*Id*. at 177-191. The State filed a waiver of memorandum in response. *Id*. at 198.

On February 18, 2015, the Supreme Court declined to accept jurisdiction of the appeal pursuant to Rule 7.08(B)(4) of the Supreme Court of Ohio Rules of Practice. ECF Dkt. #5-1 at 199.

### G. Second Delayed Direct Appeal

On June 27, 2014, Petitioner filed a delayed direct appeal of the trial court's March 16, 2009 journal entry of conviction and sentence to the Eighth District Court of Appeals. ECF Dkt. #5-1 at 202-217. He filed a motion for leave to file the delayed appeal and asserted the following assignments of error:

> 1. The trial court committed plain error Crim.R. 52(B) when the court fail[sic] to conduct a hearing prior to sentencing the defendant to Determine whether count, 1, 5, and 9 are allied offenses of similar import pursuant to State v. Brown 895 NE2d. 149 (Ohio 2008) violation of the defendant united states constitutional rights amendments[sic] 5 that rendered the trial court maximum consecutive sentence void.

*Id.* at 211-217.

On October 29, 2014, the Eighth District Court of Appeals denied Petitioner's motion for leave to file a delayed appeal. ECF Dkt. #5-1 at 220. Petitioner filed a motion for reconsideration on November 17, 2014 and the appellate court denied that motion on November 21, 2014. *Id*. at 222-227, 234.

On December 9, 2014, Petitioner pro se filed a notice of appeal of the appellate court's denial of his motion for leave to file a delayed appeal to the Supreme Court of Ohio. ECF Dkt. #5-1 at 235. In his memorandum in support of jurisdiction, Petitioner asserted the following proposition of law:

> 1. Defendant demonstrated good cause for untimely filing his appeal App.R.5(A)(2) where the trial court committed prejudicial error in failing to advise the defendant of his united states constitutional rights to appeal in violation of the defendant united states constitutional rights 14 amendment.

*Id*. at 239-248. The State of Ohio filed a waiver or memorandum in response. *Id*. at 251.

On April 8, 2015, the Supreme Court of Ohio declined to accept jurisdiction over the appeal pursuant to Rule 7.08(B)(4) of the Supreme Court of Ohio Rules of Practice. ECF Dkt. #5-1 at 252.

## II.  FEDERAL HABEAS CORPUS PETITION

On May 13, 2015, Petitioner pro se executed his § 2254 federal habeas corpus petition and presents the following grounds for relief:

> **Ground One:**
>
> Trial Court fail to informed[sic] the petitioner of his United States Constitutional Right to Appeal his conviction/sentence 5, 14 amendment
>
> Supporting Facts: The trial court fail[sic] to informed[sic] the petition his united states constitutional right to appeal his conviction/sentence to the ohio court of appeals after conviction.
>
> **Ground Two:**
>
> Petitioner was punish[sic] multiple times for the same criminal offense in violation of the petitioner[sic] U.S.Constitutional Rights Amendment 5, and 14.
>
> Supporting Facts: The state of ohio punish[sic] the petitioner multiple times for the same Rape and Kidnapping conviction under the united states constitution amendment 5, 14 the petitioner can not be punish[sic] multiple for the same offense.

ECF Dkt. #5-1 at 5-8.

On November 20, 2015, Respondent filed the instant motion to dismiss Petitioner's case as time-barred. ECF Dkt. #5. On December 14, 2015, Petitioner filed a brief in response to Respondent's motion to dismiss his case. ECF Dkt. #6.

## III.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## IV.   ANALYSIS

### A.   AEDPA STATUTE OF LIMITATIONS

The trial court issued its conviction and sentencing entry in this case on March 16, 2009. ECF Dkt. #5-1 at 18. Petitioner had thirty days, or until April 15, 2009, in which to file an appeal of the trial court's judgment, but he did not do so. Ohio R. App. P. 4(A). Absent tolling, Petitioner had one-year or until April 15, 2010, in which to file his § 2254 federal habeas corpus petition.

Petitioner did not seek direct review of his conviction and sentence until he filed a motion for leave to file a delayed appeal on August 31, 2009, which was well beyond the thirty-day appeal period. ECF Dkt. #5-1 at 33-34. However, Petitioner did file a motion to withdraw his guilty plea on April 9, 2009 in the trial court. *Id*. at 20. Thus, from March 17, 2009 through April 8, 2009, the AEDPA statute of limitations ran as no filings were made during this time. Petitioner's filing of his

-9-

motion to withdraw his guilty plea on April 9, 2009 tolled the AEDPA clock.  This motion was pending and properly filed with the trial court and thus the time of its filing through the date that the trial court ruled on this motion was tolled until October 15, 2009, when the court denied the motion. *Id*. at 29.  Thus, only 22 days of the AEDPA clock had run.

Also during this time, Petitioner had filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio appellate court on August 31, 2009.  ECF Dkt. #5-1 at 30.  The appellate court granted the motion and Petitioner's counsel filed a motion to withdraw as counsel along with an *Anders* brief.  *Id*. at 39.  The court granted counsel's motion and gave Petitioner time within which to file a supplemental appellate brief, which he filed on May 24, 2010.  *Id*. at 43-44.  All of this time also tolled the AEDPA statute of limitations and it continued to toll through September 23, 2010, when the Ohio appellate court issued its decision affirming the trial court's judgment of conviction and sentence.  *Id*. at 64.

The AEDPA statute ran for another 20 days until Petitioner filed his notice of appeal of the appellate court's judgment on October 14, 2010.  ECF Dkt. #5-1 at 71.  The statute tolled from that date until February 2, 2011 when the Supreme Court of Ohio declined jurisdiction.  *Id.* at 91.

Petitioner had 90 days from February 2, 2011, or until May 3, 2011, in which to file an application for a writ of certiorari before the United States Supreme Court.  Petitioner did not seek a writ of certiorari.  However, he did file a motion to invalidate his plea agreement and a petition for relief from judgment on March 11, 2011 in the trial court.  ECF Dkt. #5-1 at 92-109.  Thus, from February 3, 2011 through March 10, 2011, the AEDPA statute ran again for another 36 days.  Giving Petitioner the benefit of every doubt that his motion to invalidate his plea agreement and petition for relief from judgment were actual proper filings and were properly filed, the AEDPA statute of limitations tolled from March 11, 2011 upon Petitioner's filings until May 23, 2011 when the trial court ruled on those motions.  *Id*. at 110-111.

Thus, as of May 23, 2011, a total of 78 days had ticked off of the AEDPA statute of limitations clock.  Accordingly, Petitioner had 287 days from May 23, 2011, or until March 7, 2012, in which to file his § 2254 federal habeas corpus petition.

Petitioner thereafter waited until August 30, 2013 before he made any other filing. ECF Dkt. #5-1 at 112. It was not until this date that he filed a motion for correction of his sentence in the trial court. *Id*. Even presuming that this filing was proper and pending when filed, it was filed over one year after the AEDPA statute of limitations had expired. Moreover, Petitioner did not file his instant § 2254 federal habeas corpus petition until May 13, 2015. ECF Dkt. #1. Thus, the AEDPA statute of limitations expired before Petitioner filed any other document that could have further tolled the statute and expired well before Petitioner filed his § 2254 federal habeas corpus petition.

Petitioner asserts in his reply brief that because he was not advised of his right to appeal after his conviction and sentence, the AEDPA statute of limitations did not begin to run until he filed that appeal, received an affirmance of the trial court judgment by the Ohio appellate court and received a ruling by the Supreme Court of Ohio that declined to accept his appeal. ECF Dkt. #6 at 4. In calculating the AEDPA statute of limitations in this case, the undersigned did not start the AEDPA statute at the date requested by Petitioner, but the time that he first filed the delayed direct appeal to the time that the Supreme Court of Ohio declined jurisdiction was tolled in the undersigned's calculation. Petitioner had filed a motion to withdraw his guilty plea on April 9, 2009, which the undersigned used as the first event to toll the AEDPA statute of limitations. Thus, included in the calculation of the AEDPA statute of limitations in this case was the period in which Petitioner filed his delayed direct appeal and the time that it took for the appellate court and Ohio Supreme Court to rule on his subsequent appeals.

Moreover, even accepting Petitioner's assertion that the AEDPA statute of limitations did not begin running until he filed his delayed direct appeal on August 31, 2009 and received rulings on his subsequent appeals related thereto, the undersigned recommends that the Court find that he has still filed his instant § 2254 federal habeas corpus petition untimely. Since the Supreme Court of Ohio ruled on February 2, 2011, Petitioner would have had one year from the day after that date, or until February 3, 2012, in which to file his instant § 2254 federal habeas corpus petition, barring any other tolling periods. Petitioner did not file his federal habeas corpus petition until May 13, 2015.

Additionally, even if the same tolling periods are allowed in Petitioner's instant scenario that the undersigned assigned to the original scenario, including all of his 2011 filings, Petitioner still is

-11-

untimely in the filing of his § 2254 federal habeas corpus petition. Between February 2, 2011 when the Supreme Court of Ohio ruled, and August 29, 2013, the day before he filed a motion for correction of his sentence, Petitioner made no filings. Thus, no tolling of the AEDPA statute of limitations occurred. Thus, after the Supreme Court of Ohio ruled on February 2, 2011, Petitioner had until February 3, 2012 in which to file his § 2254 federal habeas corpus petition or make a properly filed application for State post-conviction or other collateral review filing in order to toll that time period. Petitioner made no such filings.

For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

### B. EQUITABLE TOLLING

Petitioner makes no direct argument concerning equitable tolling, but the undersigned has taken Petitioner's assertion concerning the starting point of the AEDPA statute of limitations as February 2, 2011 as a request for equitable tolling.

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

The undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling. Even taking Petitioner's assertion that the proper starting date for the AEDPA limitations period to begin running is February 2, 2011 when the Ohio Supreme Court declined jurisdiction over his appeal of the Ohio appellate court's ruling on his first delayed appeal, and adding the additional 90 days for Petitioner to file for a writ of certiorari in the United States

-12-

Supreme Court to the Ohio Supreme Court's declination of jurisdiction, he was still well over 3 years late in filing his federal habeas corpus petition. Ninety days added onto the Ohio Supreme Court's February 2, 2011 declination of jurisdiction takes the AEDPA clock to May 3, 2011. One year from May 3, 2011 sets the AEDPA statute of limitations to an expiration date of May 3, 2012 when Petitioner should have filed his § 2254 federal habeas corpus petition. Petitioner's federal habeas corpus petition is therefore untimely filed as he filed it on May 13, 2015. Moreover, Petitioner has not shown that he was prevented from timely filing his federal habeas corpus petition or that some extraordinary circumstance stood in his way of doing so. Accordingly, the undersigned recommends that the Court find that Petitioner is not entitled to an equitable tolling exception.

### C. **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley*, 118 S.Ct. at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

In the instant case, Petitioner has entered a guilty plea to the charge for which he asserts his actual innocence. "Though the result often seems counterintuitive, a defendant that pled guilty still may assert a *Schlup* claim." *See Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014)(citations omitted). In such a case, "[t]he application of *Schlup* ...

creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *Id.,* citing cases.

Petitioner in the instant case makes no assertions of actual innocence in his federal habeas corpus petition. This, coupled with Petitioner's guilty plea, leads the undersigned to recommend that the Court find that the actual innocence exception does not apply in this case.

## V.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition as untimely filed, not subject to equitable tolling, and otherwise entitled to consideration under the actual innocence exception. ECF Dkt. #5. Accordingly, the undersigned recommends that the Court DISMISS Petitioner's § 2254 federal habeas corpus petition, in its entirety, with prejudice.

Date: March 24, 2016      */s/George J. Limbert*
                          GEORGE J. LIMBERT
                          UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).