IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Willie Davis,                                          Case No. 1:15CV1048

        Petitioner,

  v.                                                    **ORDER**

Jason Bunting, Warden,

        Respondent.

*Pro se* petitioner Willie Davis filed this habeas corpus action under 28 U.S.C. § 2254. (Doc. 1). Davis, a prisoner in state custody, names Warden Jason Bunting as respondent. I have jurisdiction over the petition under § 2254(a).

Pending is the Warden's motion to dismiss the petition as untimely. (Doc. 5). Davis argues I should deny the motion because the limitations period for him to bring his petition had not yet run out when he filed. (Docs. 6, 11).

The Magistrate Judge to whom I referred the petition has filed a Report & Recommendation (R&R) recommending I grant the Warden's motion and dismiss the petition. Having reviewed the R&R *de novo*, I agree.

**Background**

In May 2008, a grand jury indicted Davis, charging him with: 1) two counts of rape of a person under thirteen years old with sexually violent predatory specifications; 2) three counts of gross sexual imposition of a person under thirteen years with sexually violent predator specifications; 3) three counts of kidnaping of a person under thirteen years old with sexual motivation

specifications and sexually violent predator specifications; 4) two counts of disseminating obscene matter to juveniles; and 5) three counts of endangering children. (Doc. 5-1 at 17).

On March 16, 2009, Davis pled guilty to two counts of rape with the sexually violent predator specifications deleted and one count of kidnaping with the same specification deleted. (*Id.* at 18). The court dismissed all the other counts and specifications. (*Id.*). The court thereafter sentenced Davis to a total of twenty-five years in prison – ten years for each count of rape and five years on the kidnaping count, with each term to run consecutively. (*Id.*). Davis asserts that the court never advised him of his "right" to appeal that sentence. (Doc. 1 at 5).

On April 9, 2009, Davis, proceeding *pro se*, filed a motion to withdraw his guilty plea. (*Id.* at 20). The trial court denied that motion on October 15, 2009. (*Id.* at 29).

On August 31, 2009, while his motion to withdraw the guilty plea was pending, Davis filed a motion for leave to file a delayed appeal and a *pro se* notice of appeal of his conviction and sentence. (*Id.* at 30-33). The court of appeals granted Davis's motion on October 5, 2009. (*Id.* at 38).

On December 1, 2009, Davis's counsel filed a motion to withdraw and attached a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that his review of the trial court record failed to disclose any errors by the trial court that prejudiced Davis. (*Id.* at 40-42). He noted, however, that Davis had raised one issue in his motion that deserved consideration – i.e, whether he received proper discovery regarding DNA test results in advance of his guilty plea. (*Id.*).

On December 2, 2009, the court of appeals granted Davis's counsel's motion to withdraw and ordered Davis and the State to submit briefs on Davis's motion. (*Id.* at 43). After considering the parties' briefs, the court affirmed the trial court's judgment on September 23, 2010. (*Id.* at 64-

69). On October 14, 2010, Davis filed a notice of appeal to the Supreme Court of Ohio. (*Id.* at 70). The court denied leave to appeal on February 2, 2011. (*Id.* at 91).

On March 11, 2011, Davis filed a motion in the trial court to invalidate his plea agreement as unconstitutional. (*Id.* at 92). He also filed a petition for relief after judgment. (*Id.* at 110). The court denied both motions on May 23, 2011. (*Id.* at 111).

On August 30, 2013, Davis filed a motion for correction of sentence in the trial court. (*Id.* at 112). The court denied that motion on October 29, 2013. (*Id.* at 128).

On November 20, 2013, Davis filed a notice of appeal of the trial court's determination (*Id.* at 129). The court of appeals dismissed the appeal *sua sponte* on January 13, 2014 because Davis failed to file the record. (*Id.* at 132).

On January 30, 2014, the court of appeals construed a subsequent filing by Davis as a motion for consideration of its January 13, 2014 decision. (*Id.* at 136). It granted that motion, and ordered the parties to submit briefs. (*Id.*). After considering the briefs, the court affirmed the trial court's decision. (*Id.* at 164-67).

On September 25, 2014, Davis filed a notice of appeal to the Supreme Court of Ohio. (*Id.* at 169). The court declined to accept jurisdiction on February 18, 2015. (*Id.* at 199).

Before that, on June 27, 2014, Davis filed a motion for leave to file a second delayed direct appeal of his conviction and sentence. (*Id.* at 202-17). The court of appeals denied that motion. (*Id.* at 220). David filed a motion for reconsideration on November 17, 2014, which the court denied on November 21, 2014. (*Id.* at 222-27, 234).

Davis then filed a notice of appeal to the Supreme Court of Ohio. (*Id.* at 235). The court declined to accept jurisdiction on April 8, 2015. (*Id.* at 252).

Davis filed the instant habeas corpus petition on May 13, 2015. (*Id.* at 5-8). The Warden filed his motion to dismiss due to untimeliness on November 20, 2015 (Doc. 5), to which Davis responded on December 14, 2015. (Doc. 6). The Magistrate Judge filed his R&R on March 24, 2016 (Doc. 8), to which Davis objected on April 25, 2016.[1] (Doc. 11).

## Discussion

The Warden contends I should dismiss the instant petition as time-barred. In general, a state prisoner seeking habeas corpus relief under § 2254 must comply with the statute of limitations set forth in § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] Davis received an extension of time to file his objections. (Doc. 10).

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A properly filed petition for post-conviction relief tolls, during its pendency before a state court, the statute of limitations. 28 U.S.C. § 2244(d)(2); *see Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). The "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

The trial court issued its conviction and sentencing entry on March 16, 2009. Davis then had thirty days, or until April 15, 2009, to file an appeal, but he did not do so. *See* Ohio R. App. P. 4(A). Thus, absent tolling, Davis had one year, or until April 14, 2010, to file his § 2254 habeas corpus petition.

Petitioner did not seek direct review until he filed his first delayed appeal on August 31, 2009, which was well beyond the thirty-day appeal period. Davis did, however, file a motion to withdraw his guilty plea on April 9, 2009. Based on these filings, the Magistrate Judge concluded that "from March 17, 2009 through April 8, 2009, the AEDPA statute of limitations ran as no filings were made during this time. [Davis's] filing of his motion to withdraw his guilty plea on April 9, 2009 tolled the AEDPA. . . . [Thus,] 22 days of the AEDPA clock had run." (Doc. 8 at 9-10).

This is the one element of the Magistrate Judge's analysis with which I disagree. Section 2244(d)(1)(A) provides, in relevant part, that the limitations period runs from the latest of "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time*

5

*for seeking such review.*"[2] (Emphasis added). Thus, the limitations period began not on March 17, 2009, but rather on the direct-review expiry date, April 15, 2009.[3]

The Magistrate Judge's conclusion that twenty-two days of the AEDPA clock had run between March 16, 2009 and April 8, 2009, when Davis filed his motion, is therefore incorrect; no days had run.[4] Then, when April 15, 2009 arrived, the pending motion immediately tolled the limitations period under § 2244(d)(2).

In any event, Davis filed his first delayed direct appeal on August 31, 2009, while his motion to withdraw his guilty plea was still pending. That filing tolled the limitations period until September 23, 2010, when the court issued its decision affirming Davis's conviction and sentence. Still, no days of the AEDPA clock had run.

The limitations period then ran for twenty days until Davis filed his notice of appeal of the appellate court's judgment on October 14, 2010. That filing tolled the limitations period until February 2, 2011, when the Supreme Court of Ohio declined jurisdiction.

Davis had ninety days from February 2, 2011, or until May 3, 2011, to file an application for a writ of certiorari before the United States Supreme Court, but he did not do so.

---

[2] There is no allegation that §§ 2244(d)(1)(B)-(D) should apply.

[3] To be clear, direct review did *not* begin with the filing of Davis's motion to withdraw his guilty plea. "The plain language of the statute indicates that an application for state post-conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations." *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

[4] As discussed below, this discrepancy has no impact on the determination that Davis's habeas corpus petition was untimely.

He did, however, file a motion to invalidate his plea agreement and a petition for relief from judgment on March 11, 2011. Thus, from February 2, 2011 through March 10, 2011, the AEDPA statute ran for another thirty-six days. Giving Davis the benefit of the doubt that those trial court motions were proper filings, the limitations period again tolled from March 11, 2011 until May 23, 2011, when the court ruled on those motions.

Thus, as of May 23, 2011, a total of fifty-six days had ticked off the AEDPA clock, leaving Davis 309 days, or until March 27, 2012, to file his § 2254 habeas corpus petition. He did not do so until May 13, 2015, more than three years after the limitations period expired.[5]

Davis argues that the limitations period should not have started until the final determination of his second delayed direct appeal on April 8, 2015. That argument misses the mark. His June 27, 2014 filing of a second delayed direct appeal did not reset the AEDPA clock. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.").

In the alternative, Davis contends that because the trial court did not advise him of his "right" to appeal his sentence, the AEDPA limitations period should not have started until he had a final determination of his direct appeals. (Doc. 6 at 4). To the extent Davis claims he is entitled to equitable tolling,[6] that argument has no merit. He cannot show he 1) "has been pursuing his rights

---

[5] Davis's next filing after May 23, 2011 was his August 30, 2013 motion for correction of sentence in the trial court, filed more than a year after the limitations period had expired. *See Sudberry v. Warden*, 626 F. Supp. 2d 767, 777 (S.D. Ohio 2009) ("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.").

[6] Davis does not argue equitable tolling is applicable. (Doc. 11 at 5). Nevertheless, in the interest of finality, I address it here.

7

diligently, and 2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Davis has filed a slew of post-conviction motions in Ohio courts, showing that he had the ability timely to file a timely habeas corpus petition and that no outside barrier impeded him from doing so. *See Harrison v. I.M.S.*, 56 F. App'x 682, 686 (6th Cir. 2003). Neither his *pro se* status nor his claimed ignorance of his appellate rights justifies his lack of diligence.[7] *See Johnson v. United States*, 544 U.S. 295, 308 (2005).

Moreover, there was no "extraordinary circumstance" that prevented timely filing. *See Holland*, 560 U.S. at 649. The trial court was not obligated to advise him of his "right" to appeal his sentence because there was no such right. *See Moore v. Wilson*, 2009 WL 2399122, *2 (N.D. Ohio) (no right to appeal under Ohio law "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge") (quoting O.R.C. § 2953.08(D)(1)).

Accordingly, Davis's petition is untimely.

## Conclusion

It is therefore

ORDERED THAT

1. Davis's objections to the Magistrate Judge's R&R (Doc. 11) be, and the same hereby are, overruled;

---

[7] Davis makes no assertions of "actual innocence" in his habeas corpus petition that would justify equitable tolling. (Doc. 11 at 5); *see Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) ("[A]ctual innocence means factual innocence, not mere legal insufficiency.").

2. The Magistrate Judge's R&R (Doc. 8) be, and the same hereby is, adopted (subject to the qualification discussed above); and

3. The petition be, and he same hereby is, dismissed with prejudice.

I decline to grant a certificate of appealability. In any event, petitioner could not take an appeal from this decision in good faith, and appeal should not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge